UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. SARAH ZEESHAN,<br>2. ZEESHAN CHOUDHRY,<br><br>    Plaintiff(s),<br>v.<br><br>1. ZAINAB PETROLEUM, INC., an Oklahoma Corporation,<br>2. GONDAL PETROLEUM, INC., an Oklahoma Corporation,<br>3. BUDGET INN, INC., an Oklahoma Corporation, and<br>4. AHMAD ZULFIQAR, individually,<br><br>    Defendants, | Case No.:  17-CV-447-SPS<br><br>JURY DEMAND |

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiffs, SARAH ZEESHAN (hereinafter referred to as "Sarah"), an individual, ZEESHAN CHOUDHRY (hereinafter referred to as "Zeeshan"), an individual, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sue Defendants ZAINAB PETROLEUM, INC., an Oklahoma Corporation, GONDAL PETROLEUM, INC., an Oklahoma Corporation, BUDGET INN, INC., an Oklahoma Corporation, and AHMAD ZULFIQAR, individually and alleges:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement)("the Act").

2. Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, were at all times material hereto both residents of either Leflore or McIntosh Counties, Oklahoma, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

3. Defendants, ZAINAB PETROLEUM, INC., an Oklahoma Corporation, GONDAL PETROLEUM, INC., an Oklahoma Corporation, BUDGET INN, INC., an Oklahoma Corporation, are Oklahoma corporations, having their main places of business in either Leflore or McIntosh Counties, Oklahoma, where Plaintiffs worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

4. The individual Defendant AHMAD ZULFIQAR, was and is now, the director and/or owner of Defendant Corporations ZAINAB PETROLEUM, INC., an Oklahoma Corporation, GONDAL PETROLEUM, INC., an Oklahoma Corporation, BUDGET INN, INC., an Oklahoma Corporation.

## ALLEGATIONS COMMON TO ALL COUNTS

5. Defendants, ZAINAB PETROLEUM, INC., an Oklahoma Corporation, GONDAL PETROLEUM, INC., an Oklahoma Corporation, and BUDGET INN, INC., an Oklahoma Corporation, are gas stations and a hotel located in either Leflore or McIntosh Counties. The primary function of the gas stations are to sell gas and sell merchandise in the convenience store and the hotel is in the business of hospitality.

6. During the time Plaintiffs were employed by Defendants, Plaintiffs held the same primary job duties - for both the gas stations and hotel (including but not limited to cleaning rooms, managing the front desk and doing laundry at the hotel and accounting work and nightly closings at the gas stations).

7. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., have either an expressed or implied arrangement to share or otherwise interchange employees.

8. Because the work performed by Plaintiffs and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interest,

Defendants are the joint employers of Plaintiffs and other similarly-situated individuals under the FLSA' broad definition of "employer", (29 U.S.C. § 203 (d)).

9. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., are joint-enterprise corporations who act directly or indirectly in the interests of one another.

10. Defendants ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC.'S, business practices are not completely disassociated with respect to the employment of their employees, and share control of their employees.

11. Pursuant to 29 CFR 791.2 Defendants ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., are joint employers with respect to their employment of Plaintiffs and are jointly liable for Plaintiffs' damage.

12. Plaintiffs SARAH ZEESHAN and ZEESHAN CHOUDHRY worked for all of the Defendants at the respective locations in either Leflore or McIntosh Counties, Oklahoma.

13. While employed by Defendants, Sarah worked for an average of 84 (eighty-four) hours per week[1] without being compensated at the rate of not less than one and one half times the regular rate at which she was employed. Sarah was employed as a "convenience store clerk" performing the same or similar duties as that of those other similarly-situated personnel who Sarah observed worked in excess of 40 hours per week without overtime compensation.

14. Sarah was paid $7.25 an hour from approximately June 9, 2014 through June 4, 2017 (the "relevant time period"), but was never compensated at the overtime rate for the hours that she worked in excess of 40 hours per week. Sarah seeks to recover for unpaid overtime wages accumulated as allowable by law.

---

[1] To add insult to injury, she was "on call" twenty-four hours a day.

15. While employed by Defendants, Zeeshan worked an average of 84 (eighty-four) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Zeeshan was employed as a "convenience store clerk" performing the same or similar duties as that of those other similarly-situated personnel who Zeeshan observed worked in excess of 40 hours per week without overtime compensation.

16. Zeeshan was paid $12.50 an hour from approximately June 9, 2014 through June 4, 2017 (the "relevant time period"), but he has never been compensated at the overtime rate, or the minimum wage for all the hours that he worked in excess of 40 hours per week. Zeeshan seeks to recover for unpaid overtime wages accumulated as allowable by law.

17. All conditions precedent to maintaining this lawsuit have either been performed, excused, or waived.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AS TO ALL DEFENDANTS

18. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiffs and those similarly-situated to recover from the Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendants ZAINAB PETROLEUM, INC., GONDAL PETROLEUM,

INC., and BUDGET INN, INC. are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants operate as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendants obtain and solicit funds from non-Oklahoma sources, accepts funds from non-Oklahoma sources, use telephonic transmissions going over state lines to do its business, transmits funds outside the State of Oklahoma, and otherwise regularly engage in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross volume of sales made or business done by the Defendants were at all times material hereto was not less than $500,000.00 per annum by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21.    By reason of the foregoing, the Employers/Defendants ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC. are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly-situated were and/or are engaged in interstate commerce for Defendants. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants are gas stations or hotels and, through their business activity, affect interstate commerce. The Plaintiffs' work for the Defendants likewise affects interstate commerce. Plaintiffs were employed by Defendants as convenience store employees, and through their daily activities, Plaintiffs regularly worked on goods that were moved across State lines at any time in the course of business.

22. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC. have either an expressed or implied arrangement to share and otherwise interchange employees.

23. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., are joint-enterprise corporations who act directly or indirectly in the interests of one another.

24. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., business practices are not completely disassociated with respect to the employment of their employees, and share control of their employees.

25. Pursuant to 29 CFR 791.2 Defendants ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC. are joint employers with respect to their employment of Plaintiffs and are jointly liable for Plaintiffs' damage.

26. The records, if any, concerning the number of hours actually worked by Plaintiffs and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked and wages earned by Plaintiffs and other employees in the asserted class.

27. Prior to the completion of discovery and to the best of Plaintiffs' knowledge, information and belief, at the time of the filing of this Complaint, Plaintiffs' good faith estimate of unpaid wages are as follows:

**I. SARAH ZEESHAN**

    a. Total amount of alleged unpaid wages:

    Seventy Three Thousand Eighty Six Dollars and 00/100 ($73,086.00).

    b. Calculation of such wages: Regular rate $7.25 O/T rate $10.875

$10.875 (unpaid OT rate per/hour) x 44 hours of overtime per week =

$478.50 per week less $10 extra paid per week = $468.50 per week;

$468.50 (OT owed per week) x 156 weeks = $73,086.00

    c.    Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime.

### II. ZEESHAN CHOUDHRY

    a.    Total amount of alleged unpaid wages:

One Hundred Twenty Eight Thousand Seven Hundred Dollars and 00/100 ($128,700.00)

    b.    Calculation of such wages: Regular rate $12.50 O/T rate $18.75

$18.75 (unpaid OT rate per/hour) x 44 hours of overtime per week =

$825.00 per week; $825.00 (OT owed per week) x 156 weeks =

$128,700.00

    c.    Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime.

28. At all times material hereto, the Employers/Defendants ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC. failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll

practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

29. Defendants ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC. knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly-situated these overtime wages since the commencement of Plaintiffs' and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

30. At the times mentioned individual Defendant, AHMAD ZULFIQAR, was and is now, the director and/or owner of Defendant Corporations, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., Defendant AHMAD ZULFIQAR, was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the Defendant Corporations acted directly in the interests of Defendant, AHMAD ZULFIQAR in relation to the employees of Defendants, including Plaintiffs and others similarly situated. Defendant AHMAD ZULFIQAR had equal operational control of the businesses, provided Plaintiffs with their work schedules, and is jointly liable for Plaintiffs' damages.

31. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., BUDGET INN, INC., and AHMAD ZULFIQAR, willfully and intentionally refused to pay Plaintiffs overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of

Plaintiffs' employment with Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., as above set forth.

**WHEREFORE**, Plaintiffs, SARAH ZEESHAN, ZEESHAN CHOUDHRY, and those similarly-situated respectfully requests that this Honorable Court enter judgment for Plaintiffs and other similarly-situated and against the Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., BUDGET INN, INC., and AHMAD ZULFIQAR, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., award Plaintiffs' actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest, award Plaintiffs an equal amount in double damages/liquidated damages, award Plaintiffs reasonable attorneys' fees and costs of suit an grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE AGAINST ALL DEFENDANTS

32. Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, re-adopt each and every factual allegation as stated in paragraphs 1-31 of this Complaint as if set out in full herein.

33. This action is brought by Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, and those similarly-situated to recover from the Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fee's under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206.

34. The Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

35. The Plaintiffs' work for the Defendants likewise affects interstate commerce. Plaintiffs were employed by Defendants and through their daily activities, Plaintiffs regularly worked on goods that were moved across State lines at any time in the course of business. Plaintiffs were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus Plaintiffs are covered employees for the purpose of the Act.

36. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., have either an expressed or implied arrangement to share or otherwise interchange employees.

37. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., are joint-enterprise corporations who act directly or indirectly in the interests of one another.

38. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., business practices are not completely disassociated with respect to the employment of their employees, and share control of their employees.

39. Pursuant to 29 CFR 791.2 Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., are joint employers with respect to their employment of Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, and are jointly liable for Plaintiffs' damages.

40. U.S.C. § 206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1)    except as otherwise provided in this section, not less than—

        (a) $5.85 an hour, beginning on the 60th day after May 25, 2007;

        (b) $6.55 an hour, beginning 12 months after that 60th day; and

        (c) $7.25 an hour, beginning 24 months after that 60th day.

    41.    Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., employed SARAH ZEESHAN from approximately June 9, 2014 through June 4, 2017 (the "relevant time period"). Sarah was paid approximately $7.25 an hour, but during that period she has never been compensated for a substantial amount or hours at least at the minimum rate established by the law.

    42.    Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., employed ZEESHAN CHOUDHRY from approximately June 9, 2014 through June 4, 2017 (the "relevant time period"). Zeeshan was paid approximately $12.50 an hour, but during that period he has never been compensated for a substantial amount or hours at least at the minimum rate established by the law.

    43.    The records, if any, concerning the number of hours actually worked by Plaintiffs and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked and wages earned by Plaintiffs and other employees in the asserted class.

    44.    Prior to the completion of discovery and to the best of Plaintiffs' knowledge, at the time of the filing of this Complaint, Plaintiffs' good faith estimate of unpaid wages are as follows:

I.   **SARAH ZEESHAN**

a.   Total amount of alleged unpaid wages:

Seventy Three Thousand Eighty Six Dollars and 00/100 ($73,086.00).

b.   Calculation of such wages: Regular rate $7.25 O/T rate $10.875

$10.875 (unpaid OT rate per/hour) x 44 hours of overtime per week =

$478.50 per week less $10 extra paid per week = $468.50 per week;

$468.50 (OT owed per week) x 156 weeks = $73,086.00

c.   Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime.

II.  **ZEESHAN CHOURHRY**

a.   Total amount of alleged unpaid wages:

One Hundred Twenty Eight Thousand Seven Hundred Dollars and 00/100 ($128,700.00)

b.   Calculation of such wages: Regular rate $12.50 O/T rate $18.75

$18.75 (unpaid OT rate per/hour) x 44 hours of overtime per week =

$825.00 per week; $825.00 (OT owed per week) x 156 weeks = $128,700.00

c.   Nature of wages (e.g. overtime or straight time):

This amount represents the unpaid overtime.

45.   Plaintiffs were not paid minimum wages for the hours and relevant time periods specified above. Therefore, Defendants unlawfully failed to pay minimum wages to Plaintiffs. Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, seek to recover for minimum wage violations accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this Complaint.

46. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, and those similarly-situated these minimum wages since the commencement of Plaintiffs and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

47. At the times mentioned, individual Defendant AHMAD ZULFIQAR, was and is now the director and/or owner of Defendants Corporations, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC. Defendant AHMAD ZULFIQAR, was Plaintiffs' employer within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that the individual Defendant AHMAD ZULFIQAR acted directly in the interests of Defendant Corporations in relation to the employees of Defendant Corporations, including Plaintiffs and others similarly situated. Defendant AHMAD ZULFIQAR had equally operational control of the business, provided Plaintiffs with their work schedules, and is jointly liable for Plaintiffs' damages.

48. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., BUDGET INN, INC., and AHMAD ZULFIQAR, willfully and intentionally refused to pay Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, minimum wages as required by the law of the United States as set forth above and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendants or as set forth above.

**WHEREFORE**, Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, and those similarly-situated respectfully request that this Honorable Court enter judgment for Plaintiffs and other similarly-situated individuals and against the Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., BUDGET INN, INC., and AHMAD ZULFIQAR, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations, award Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty weekly, with interest, award Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, an equal amount in double damages/liquidated damages, award Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, reasonable attorneys' fees and costs of suit and grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATION; AS TO PLAINTIFFS SARAH ZEESHAN and ZEESHAN CHOUDHRY AGAINST ALL DEFENDANTS

49. Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, re-adopt each and every factual allegation as stated in paragraphs 1-48 of this Complaint as if set out in full herein.

50. This action arises under the laws of the United States.

51. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Oklahoma Constitution that vests this action within a court of competent jurisdiction.

52. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., are gas stations and a hotel and through their business activity, affects

interstate commerce. The Plaintiffs' work for the Defendants likewise affects interstate commerce.

53. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

54. Likewise, 29 U.S.C. § 215(a)(3) states… it shall be unlawful for any person- "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……."

55. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., employed Plaintiff, SARAH ZEESHAN, from approximately June 9, 2014 through June 4, 2017. She was paid $7.25 an hour.

56. While employed by Defendants, Plaintiff SARAH ZEESHAN, worked for an average of 84 (eighty-four) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed. Plaintiff was paid for every overtime hour at regular time rate.

57. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., employed Plaintiff, ZEESHAN CHOUDHRY, from approximately June 9, 2014 through June 4, 2017. He was paid $12.50 an hour.

58. While employed by Defendants, Plaintiff, ZEESHAN CHOUDHRY, worked for an average of 84 (eighty-four) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed. Plaintiff was paid for every overtime hour at regular time rate.

59. Defendants, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., willfully and intentionally refused to pay Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, the correct overtime wages as required by the law of the United States as set forth above and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

60. On or about June 8, 2017, Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, through the undersigned counsel, requested Defendants to be paid for every unpaid overtime hour according to the provisions of The Fair Labor Standards Act. Plaintiffs seek to recover for unpaid half time overtime wages (Approximately $201,786.00) accumulated during their employments with Defendants.

61. Two weeks later, anticipating that Plaintiffs were determined to file their complaint, and in retaliation for Plaintiffs' upcoming and pending lawsuit, Defendants filed a frivolous lawsuit in the District Court of Wagoner County, State of Oklahoma, Case Number CJ-2017-0192 against Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY. See Attached Exhibit "A".

62. In this meritless complaint Defendants alleged six counts against Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, Count I is an Action For Declaratory Judgment, Count II is an Action for Breach of Contract, Count III is an Action for Tortious Interference, Count IV is an Action for Conversion, Count V is an Action for Civil Conspiracy, and Count VI is an Action for Unjust Enrichment.

63. The reality of the filing is that Defendants are falsely accusing Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY.

64. Case in fact, before Plaintiffs engaged in protected activity under the FLSA, Defendants never accused Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, of any

misconduct or transgression. Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, never at any time of their employment with Defendants had any notice regarding their alleged misconduct.

65. Defendants filed a frivolous lawsuit against Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, in an effort to thwart Plaintiff' upcoming FLSA lawsuit.

66. Defendants willfully and maliciously retaliated against Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, by engaging in an action that would have been materially adverse to a reasonable employee, and with the purpose to dissuade Plaintiffs of exercising their rights under 29 U.S.C. § 215(a)(3).

67. At the times mentioned, individual Defendant AHMAD ZULFIQAR, was, and is now, the director and/or owner of Defendant Corporations, ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., and was Plaintiffs' employer and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant, AHMAD ZULFIQAR, acted directly in the interests of Defendant's corporation in relation to the employees of Defendants corporations, including Plaintiffs and others similarly situated. Defendant, AHMAD ZULFIQAR, had equally operational control of the business, provided Plaintiffs with their work schedules, and is jointly liable for Plaintiffs' damages.

68. The motivating factor which caused Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, to be sued as described above was their Complaint seeking overtime wages from the Defendants. In other words, Plaintiffs would not have been sued but for their complaint for overtime wages.

17

69. The Defendants' adverse action against Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, was in direct violation of 29 U.S.C. § 215 (a) (3) and, as a direct result, Plaintiffs have been damaged.

70. Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, have retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee. In addition, Plaintiffs are forced to litigate a frivolous, coercing, harassing lawsuit in Oklahoma State Court. Plaintiffs have been double damaged.

**WHEREFORE,** Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, and those similarly-situated respectfully requests that this Honorable Court enter judgment declaring that the lawsuit filed by ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., against Plaintiffs, SARAH ZEESHAN and ZEESHAN CHOUDHRY, was an unlawful act of retaliation in violation of 29 U.S.C. § 215 (a) (3). Enter judgment awarding Plaintiffs consequential damages, including all costs and attorney's fees incurring in defending the retaliatory lawsuit filed by ZAINAB PETROLEUM, INC., GONDAL PETROLEUM, INC., and BUDGET INN, INC., enter judgment awarding Plaintiffs liquidated damages in an amount equal to the amount awarded as consequential damages, for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, enter judgment awarding Plaintiffs reasonable attorneys' fees and costs of this suit, reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiffs becomes 65 years of age as well as all other damages recoverable as per 29 U.S.C. § 216(b), and grant such other and further relief as this honorable Court deems necessary and proper.

Respectfully submitted,

KEITH & ASSOCIATES LEGAL, PLLC

_____
Dan R. Byrd, OBA #12591
115 W. 3rd Street, Suite 800
Tulsa, OK  74103
Telephone:  (918) 574-8500
Facsimile:   (918) 585-3047
dbyrd@thekeithlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**