**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SARAH ZEESHAN and )
ZEESHAN CHOUDHRY, )
 )
       Plaintiffs, )
 )
v. ) Case No. CIV-17-447-KEW
 )
ZAINAB PETROLEUM, INC.; )
GONDAL PETROLEUM, INC.; )
BUDGET INN, INC.; and )
AHMAD ZULFIQAR, )
 )
       Defendants. )

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion for Summary Judgment (Docket Entry #71). Plaintiffs commenced this action on December 6, 2017. Plaintiffs contend in this action that they were employed by Defendants at gas stations operated as Defendant Zainab Petroleum, Inc. ("Zainab") and Defendant Gondal Petroleum, Inc. ("Gondal") and at a hotel operated as Budget Inn, Inc. ("Budget") by Defendant Ahmad Zulfiqar ("Zulfiqar"). Plaintiffs alleged that they were hired by Defendants to clean rooms, manage the front desk, do the laundry at the hotel, complete accounting work, and close the gas stations nightly. The three entities, Zainab, Gondal, and Budget, shared employees and are alleged to be joint employers.

Plaintiffs contend that Sarah Zeeshan worked an average of 84 hours weekly but was not compensated for overtime. Zeeshan Choudhry is also alleged to have worked an average of 84 hours per

week as a convenience store clerk but was not compensated for overtime.

Plaintiffs allege Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") in failing to pay overtime for work performed by Plaintiffs in excess of 40 hours. Plaintiffs further allege for the jurisdictional basis of the action that Defendants engaged in interstate commerce by selling goods to customers throughout the United States, providing goods that are transported across state lines, use telephonic communications over state lines to accomplish their businesses, and transmit funds outside of Oklahoma. Plaintiffs also allege that Defendants' annual gross sales are not less than $500,000.00 per year while engaging in interstate commerce.

Plaintiffs make the further allegation that Zainab, Gondal, and Budget knew or showed reckless disregard for the provisions of the FLSA in failing to pay overtime and minimum wage payments. They also allege Defendants failed to post any notice to their employees regarding their rights under the FLSA. As a result, they seek "double damages".

Zulfiqar is alleged to be the owner of Zainab, Gondal, and Budget with equal operational control over the businesses. As such, Plaintiffs seek joint liability against this individual.

In a second count, Plaintiffs allege that Defendants violated the FLSA's minimum wage requirements. They state that Defendants

failed to compensate them for "a substantial amount or hours at least at the minimum rate established by law." Plaintiffs seek compensation for the minimum wage violations from Defendants from the date of their hiring and/or three years from the date of the filing of the Complaint.

Plaintiffs again allege the violations of the minimum wage provisions of the FLSA were done willfully or with reckless disregard by Defendants, thereby entitling them to liquidated damages.

In a third count, Plaintiffs allege that Defendants retaliated against them for exercising their rights under the FLSA in violation of 29 U.S.C. § 215(a)(3). Plaintiffs contend Defendants filed a frivolous lawsuit in the District Court in and for Wagoner County, Oklahoma against them for breach of contract, tortious interference, conversion, civil conspiracy, and unjust enrichment. Plaintiffs seek damages for the allegedly retaliatory acts.

Defendants filed for summary judgment, asserting Plaintiffs (1) failed to provide evidence of a violation of the minimum wage provisions of the FLSA through their deposition testimony; (2) failed to establish subject matter jurisdiction in this Court by demonstrating enterprise and for individual coverage; (3) failed to establish that their work in the hotel fell outside of the exemption provided by the FLSA; and (4) failed to prove their damages. Defendants also affirmatively assert that Plaintiffs were

independent contractors rather than employees.  They also conclude that if the Court dismisses the first two claims asserted, the retaliation claim represented in the third count would be moot.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Universal Money Centers v. A.T. & T., 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994).  The moving party bears the initial burden of showing that there is an absence of any issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial.  Applied

Genetics v. Fist Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990); Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Defendants do not provide a statement of material facts which are not in dispute nor do they provide any evidence in support of their request for summary judgment. As such is the case, any issue put forward by them which relies upon factual findings for resolution must necessarily be denied. Namely, Defendants first contend that Plaintiffs failed to provide evidence of damages for minimum wage violations, while not providing any evidence of compliance with the minimum wage provisions of the FLSA. For their part, Plaintiffs have stated in their affidavits supporting their response to Defendants' summary judgment motion that the wages that they were paid did not comply with the statute. *See* Affidavit of Sarah Zeeshan, Docket Entry #80, ¶ 7; Affidavit of Zeeshan Choudhry, Docket Entry #79, ¶ 7. Consequently, Defendants motion as it pertains to the claim for minimum wage compensation is denied.

Defendants next challenge the subject matter jurisdiction of this Court on two fronts - as an "enterprise" and individually. The FLSA establishes, in pertinent part relevant to this action:

> (s)(1) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that--
>
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

* * *

29 U.S.C.A. § 203(s).[1]

Defendants contends Plaintiffs failed to prove that the business of Defendants exceeds $500,000.00 per annum or that they have two or more employees who engage in interstate commerce or handle goods that have moved in interstate commerce. Again, Defendants do not sustain their burden on summary judgment to provide any evidence that they do not meet these two required criteria. While ultimately, it will be Plaintiffs' burden at trial to demonstrate the existence of these two requirements, the matter is currently before the Court on a summary judgment motion. Under this Court's required scrutiny for the motion, the evidence must be "[t]aken in the light most favorable to the party asserting the injury." Tolan v. Cotton, 572 U.S. 650, 655–56 (2014). Taken in a light most favorable to Plaintiffs as the non-moving parties in evaluating the motion for summary judgment, the motion on establishing enterprise coverage based upon the evidence required must be denied. Ultimately, the burden of demonstrating the

---

[1] Defendants erroneously reference the applicable section as "29 U.S.C. Section 303."

required elements of the FLSA, including the requirements for enterprise and individual coverage, lies with Plaintiffs. At trial, they will be required to prove with competent evidence that Defendants' businesses grossed over $500,000.00 and engaged in interstate commerce as defined by the statute.

For individual coverage, Plaintiffs will be required to prove that an employee "directly participat[e] in the actual movement of persons or things in interstate commerce." <u>Reagor v. Okmulgee Cty. Family Res. Ctr.</u>, 501 F. App'x 805, 809 (10th Cir. 2012) quoting <u>Thorne v. All Restoration Servs., Inc.</u>, 448 F.3d 1264, 1266 (11th Cir. 2006). To determine whether an employee is engaged in commerce we look at Plaintiffs' activities, not the business of their employer. <u>Id</u>. citing <u>Mitchell v. Lublin, McGaughy & Assocs.</u>, 358 U.S. 207, 211 (1959). Again, no evidence is provided in support of the motion for summary judgment to challenge Plaintiffs' assertions in the Complaint. Therefore, summary judgment is inappropriate at this juncture. However, again, Plaintiffs will carry the burden to provide evidence at trial that their activities meet the required definition for engaging in interstate commerce. Plaintiffs cite to numerous cases from other jurisdictions - none in the Tenth Circuit - which ostensibly stand for the proposition that employees working in a retail gas station are "presumed" to be engaging in activities which involve interstate commerce. This Court finds no such presumption in the case authority cited herein
7

from this Circuit. In order to establish individual coverage, Plaintiffs will be required to prove with definitive evidence that **they** engaged in interstate commerce activities in order to maintain their actions based in the FLSA.

Defendants also briefly argue that a hotel/motel exemption exists under the FLSA. However, they admit in their reply that the exemption has been repealed. Defendants then assert in the reply that they cited the wrong section and that the exemption actually exists under 29 U.S.C. § 213. This section exempts "any employee who is employed in domestic service in a household and who resides in such household" from the minimum wage and overtime provisions of the FLSA. 29 U.S.C. § 213(b)(21). Defendants ignore the definition of "domestic service employment" which includes only "services of a household nature performed by an employee in or about a private home (permanent or temporary)." 29 C.F.R. § 552.3. Employment in a hotel or motel does not qualify for this exemption as it does not involve a private home.

Defendants also state that Plaintiffs have failed to prove the hours that they worked or the compensation for overtime that they are due. Again, Plaintiffs affidavits sufficiently set out their contentions with regard to overtime pay which they claim, especially in light of Defendants' failure to set forth evidence to the contrary which would only have served to create a question of fact precluding summary judgment.

As a final matter, Defendants assert Plaintiffs were independent contractors once they moved to the business in Panama, Oklahoma since it is contended they were buyers of the business. Disputed facts with regard to the relationship between the parties and their business agreements precludes summary judgment.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Docket Entry #71) is hereby **DENIED**.

IT IS SO ORDERED this 8th day of April, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE