**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

SARAH ZEESHAN and )
ZEESHAN CHOUDHRY, )
                              )
        Plaintiffs, )
                              )
v. )        Case No. CIV-17-447-KEW
                              )
ZAINAB PETROLEUM, INC.; )
GONDAL PETROLEUM, INC.; )
BUDGET INN, INC.; and )
AHMAD ZULFIQAR, )
                              )
        Defendants. )

**OPINION AND ORDER**

      This matter comes before the Court on Plaintiffs' Motion in Limine to Preclude Introduction of Evidence as to Affirmative Defenses (Docket Entry #76) and Plaintiffs' Motion to Strike Defendant Gondal Petroleum, Inc.'s Answer and Affirmative Defenses (Docket Entry #92). Plaintiffs commenced this action on December 6, 2017, alleging violations of the Fair Labor Standards Act ("FLSA") and the case was assigned to United States Magistrate Judge Steven P. Shreder. The action was filed against all four Defendants, including Gondal Petroleum, Inc. ("Gondal"). On December 12, 2017, summons were issued to Plaintiffs for all Defendants, including Gondal. On January 10, 2018, Jeff Potts filed an Entry of Appearance for all Defendants, including Gondal. On February 5, 2018, a Joint Status Report was filed with references to Gondal. No challenge to service upon Gondal is referenced in the Report. On February 7, 2018, the filing of a

District Judge Option form was acknowledged by the Clerk of Court and the case was reassigned to United States District Judge Ronald A. White.

On July 20, 2018, an alias summons was issued to Plaintiffs for Gondal. On September 12, 2018, a Notice of Filing Process Server's Affidavit was filed by Plaintiffs. The appended Affidavit from process server Kristie Entmeier indicated she attempted service upon Gondal through the registered service agent "Saeed Ahmad" at the store location in Panama, Oklahoma on August 28, 2018. However, the clerk at the store stated she did not know the person but that the owner was "Zulfiqar Ahmad" and he was in Saudi Arabia until the following week. Ms. Entmeier attempted service a second time on September 5, 2018. The clerk at the store called "Mr. Ahmad" who spoke to the process server and told her he would not meet with her and that she needed to give the papers to Jeff Potts, his attorney in Muskogee, Oklahoma.

On October 3, 2018, Defendants filed a Motion for Summary Judgment, including Gondal. On October 9, 2018, the parties consented to the undersigned. On October 10, 2018, Plaintiffs filed a Motion in Limine seeking to exclude Gondal's affirmative defenses due to the lack of an answer. On October 24, 2018, all Defendants, including Gondal, responded to the Motion in Limine.

On November 12, 2018, Jeff Potts filed a Waiver of the Service of Summons form on behalf of Gondal, stating he recognized that he

had 60 days from the date of filing to file an answer. On November 15, 2018, this Court conducted a Pretrial Conference where a lack of an answer by Gondal was discussed. On November 27, 2018, Gondal filed a Answer and Affirmative Defenses. On November 27, 2018, Plaintiffs filed a Motion to Strike Gondal's Answer. On December 12, 2018, Gondal responded to the Motion. Attached to the response is a copy of an e-mail from counsel for Plaintiffs dated September 5, 2018 which requests that Mr. Potts accept service on behalf of Gondal.

Plaintiffs appear to be arguing that the telephonic conversation between "Mr. Ahmad" and the process server and the aforementioned e-mail from their counsel to Gondal's counsel requesting that he accept service constituted good service upon Gondal. The process to obtain a waiver of service of process is detailed and precise. In order to take advantage of the waiver procedure, a plaintiff must comply with the following procedure:

> **(d) Waiving Service.**
>
> ***(1) Requesting a Waiver.*** An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:
>
> (A) be in writing and be addressed:
>
> (i) to the individual defendant; or
>
> (ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and

(G) be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1).

Plaintiffs bear the burden of showing proper service of process under Rule 4(d). Russell v. Chase Investment Servs. Corp., 2009 WL 3254898, *2 (N.D. Okla. 2009) citing Flores v. School Bd. of DeSoto Parish, 116 Fed.Appx. 504, 508 (5th Cir. 2004)(unpublished) and Hanmont v. Oswald, 2009 WL 2588342, *2 (D.Kan. 2009). In this case, it does not appear that Plaintiffs attempted to substantially comply with the provisions of Rule 4(d). Instead, they rely upon the informal telephone call between the process server and a "Mr. Ahmad", a name which differs from the named individual Defendant in this case and an e-mail from Plaintiffs counsel requesting waiver of service but no apparent response from Gondal's counsel until the waiver form is filed in

November of 2018.  Even if Plaintiffs could be found to have complied with Rule 4(d), the only result would have been the assessment of costs under Fed. R. Civ. P. 4(d)(2) and not the striking of the answer and affirmative defenses.  Moreover, Plaintiffs have not established that they obtained service upon Gondal through the traditional means provided by Fed. R. Civ. P. 4(c).[1]  Based upon these findings, this Court cannot conclude that Gondal's answer and associated affirmative defenses were untimely.

IT IS THEREFORE ORDERED that Plaintiffs' Motion in Limine to Preclude Introduction of Evidence as to Affirmative Defenses (Docket Entry #76) and Plaintiffs' Motion to Strike Defendant Gondal Petroleum, Inc.'s Answer and Affirmative Defenses (Docket Entry #92) are hereby **DENIED**.

IT IS SO ORDERED this 8th day of April, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[1] In their reply to Gondal's response to the Motion to Strike, Plaintiffs state that an Exhibit A is attached to their filing which is ostensibly "a timeline of events [which] mitigates against that which Defendant states."  The attachment consists of three e-mails - the first dated September 5, 2018 from Plaintiffs' counsel to the process server requesting that she attempt service again on Gondal; the second also dated September 5, 2018 from the process server to Plaintiffs' counsel relaying that she went to the store and spoke to "Zulfiqur Arham" on the telephone who told her to give the papers to Jeff Potts; and the third from Plaintiff's counsel to Gondal's counsel requesting that he accept service on behalf of Gondal.  This "timeline" does not establish compliance either with Rule 4(c) or Rule 4(d).