**IN THE UNITED STATES DISTRICT COURT FOR THE** FILED
**EASTERN DISTRICT OF OKLAHOMA**

SEP 1 1 2019

| | | |
|---|---|---|
| SARAH ZEESHAN, et al., | ) | PATRICK KEANEY |
| | ) | Clerk, U.S. District Court |
| | ) | By_____ |
| Plaintiff(s), | ) | Deputy Clerk |
| | ) | |
| **v.** | ) | Case No.  CIV 17-447-KEW |
| | ) | |
| ZAINAB PETROLEUM, INC., et al. | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

# **JURY INSTRUCTIONS**

## Instruction No. 1

## OPENING INSTRUCTION

Ladies and gentlemen of the jury, you have heard the evidence and will hear the arguments of counsel, and it is now my duty to instruct you as to the law in this case.

You are the sole and exclusive judge of the facts, but the court is the judge of the law, and it is your duty to accept the law as given to you by the court.   It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.   You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.   Neither are you to be concerned with the wisdom of any rule of law stated by me.

Nothing I say in these instructions is to be taken as an indication that I have any opinions about the facts of the

case, or what that opinion is.   It is not my function to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.   The law does not permit you to be governed by sympathy, prejudice or public opinion.   All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## Instruction No. 2

## <u>THE ISSUES IN THE CASE</u>

This is an action brought by Plaintiffs Sarah Zeeshan and Zeeshan Choudhry to recover unpaid minimum wage and overtime wage payments from Defendants Zainab Petroleum, Inc., Gondal Petroleum, Inc., and Zulfiqar Ahmad under the Fair Labor Standards Act.    Plaintiffs allege that Defendants failed to pay overtime wages to them over a three year period.    Plaintiffs also assert a claim alleging that they were not paid a proper minimum wage over the same three year period.    Finally, Plaintiffs contend that Defendants unlawfully retaliated against them for asserting the claims for unpaid wages by filing a civil lawsuit against them in the District Court in and for Wagoner County, Oklahoma.

For their part, Defendants deny Plaintiffs' claims and

the associated factual allegations.   Further, Defendants assert a credit or offset for living expenses which were provided to Plaintiffs while working for Defendants. Defendants Gondal Petroleum, Inc. and Zulfiqar Ahmad also contend that they are entitled to a setoff for the inventory allegedly taken by Plaintiffs.

These are the issues you are to determine.

## Instruction No. 3

## <u>MEANING OF BURDEN OF PROOF</u>

In a civil law suit, such as this case, there are requirements as to which party must prove certain things to you.   This is called the "burden of proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression, "if you find" or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof, is more probably true than not true.   The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim, or a party who raises an affirmative defense has the burden to prove all the

elements of the claim or defense.   In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or another party.

## Instruction No. 4

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case.   One is direct evidence - evidence such as the testimony of an eye witness.   The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts in accordance with all the evidence in the case, both direct and circumstantial.

## Instruction No. 5

## <u>INFERENCE -- DEFINED</u>

You are to consider all the evidence in the case.   But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear the witnesses testify.   You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.   Inferences are deductions or conclusions which reason and common sense lead the jury to draw some facts which have been established by evidence in the case.

## Instruction No. 6

## **STIPULATIONS**

Statements and arguments of counsel are not evidence in the case.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, you must accept the stipulation and regard that fact as proved.

## Instruction No. 7

## **CREDIBILITY OF WITNESSES**

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, that the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

## Instruction No. 8

## <u>WITNESS IMPEACHMENT</u>

A witness may be impeached by showing that he or she has made different statements on other occasions contrary to and inconsistent with his or her testimony given at this trial.   If you find that any witness has willfully testified falsely in this trial to any material fact, then you may disbelieve the entire testimony of such witness, but you are not compelled to do so.

## Instruction No. 9

## **<u>NO SPECULATION</u>**

Your decision must be based upon probabilities, not possibilities.   It may not be based upon speculation or guesswork.

## Instruction No. 10

## <u>BIAS ON ACCOUNT OF RACE, RELIGION, ETC.</u>

Remember that under our justice system the race, religion, national origin, or social status of a party or his attorney must not be considered by you in the discharge of your sworn duty as a juror.

## Instruction No. 11

## <u>CORPORATION AS PARTY</u>

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

## Instruction No. 12

## **<u>INTERROGATORIES</u>**

At an earlier time, both Plaintiffs and Defendants submitted written questions to each other. These questions are called interrogatories. The parties were required to answer the interrogatories under oath. The parties have introduced some of the questions and the answers into evidence. You may treat Plaintiffs' answers like admissions of the Plaintiffs, and you may treat Defendants' answers as prior sworn testimony of the Defendants. Not only may you consider the answers as evidence, but you may give the answers such weight as you determine is appropriate in light of any other evidence offered by the parties.

**Instruction No. 13**

## ACT OF CORPORATE OFFICER OR EMPLOYEE AS ACT OF CORPORATION

Defendants Zainab Petroleum, Inc., and Gondal Petroleum, Inc. are corporations and can act only through their officers and employees. Any act or omission of an officer or employee while acting within the scope of his employment is the act or omission of Defendants Zainab Petroleum, Inc. and Gondal Petroleum, Inc.

### Instruction No. 14

## <u>NATURE OF THE CLAIM –<br>FAIR LABOR STANDARDS ACT</u>

This case arises under the Fair Labor Standards Act of 1938, known by the initials "FLSA". This federal law provides for the payment of time-and-a-half overtime pay (that is, 1.5 times the regular hourly wage) for hours worked in any week of employment in excess of 40.   Plaintiffs claim that Defendants did not pay them the minimum overtime pay required by the Fair Labor Standards Act. Defendants deny Plaintiffs' claims and state that (1) the FLSA does not apply to the facts of this case because Plaintiffs were independent contractors; and (2) Defendants always paid for all work performed by Plaintiffs.

## Instruction No. 15

## **<u>MINIMUM WAGE</u>**

The Fair Labor Standards Act requires covered employers to pay non-exempt employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce a minimum wage of not less than $7.25.   Defendants claim that Plaintiffs were compensated at least minimum wage.

## Instruction No. 16

## <u>OVERTIME WAGES</u>

The Fair Labor Standards Act mandates that covered employers pay covered employees working in a workweek longer than forty (40) hours at a rate not less than one and one-half times (1.5) the regular rate at which the employee is employed.

If you find that one or both of the Plaintiffs were compensated at least one and half times the regular rate of pay for the hours that they worked over 40 hours in one work week, you must find for the Defendants as to that Plaintiff.

If you find that one or both of the Plaintiffs were not compensated at least one and half time their regular rate of pay, you should find for the individual Plaintiff that you believe was not compensated the appropriate amount of

overtime pay, unless the Plaintiff is incapable of demonstrating the overtime hours that he or she worked without proper pay by preponderance of the evidence. Each Plaintiff must prove their overtime damages each work week.

## Instruction No. 17

## **FAIR LABOR STANDARDS ACT – ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIMS**

This case arises under the Fair Labor Standards Act, a federal law that provides for the payment of minimum wages and time-and-a-half overtime pay.   Plaintiffs claim that Defendants did not pay him the legally required minimum wage and overtime pay.

To prevail on their claims, Plaintiffs must prove each of the following by a preponderance of the evidence:

1. Defendants employed Plaintiffs during the time period involved;

2. Plaintiffs' work was engaged in commerce or in the production of goods for commerce *or* Defendants' business or businesses under unified operation or common control employed at least two persons and was engaged in

commerce or the production of goods for commerce and had an annual gross sales of at least $500,000.00; and

3.   Defendants failed to pay Plaintiffs the minimum wage and overtime pay required by law.

The term "commerce" has a very broad meaning and includes any trade, commerce, transportation, transmission or communication between any state and any place outside that state.   A person is considered to have been "engaged in the production of goods" if the person produced, manufactured, mined, handled, transported, or in any manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.

The minimum wage during the period of time involved in this case was $7.25 per hour.   In determining whether an employer has paid the minimum wage, the employer is

entitled to a credit for the reasonable costs it incurred in furnishing certain items such as meals, lodging, or other facilities if the employer regularly provided the meals, lodging, or other facilities for the benefit of the employee.

The reasonable costs cannot be more than the actual cost and must not include any profit to the employer. The burden of proving that a deduction from wages represents a reasonable cost of the non-cash component is on the employer. The employer must maintain records to substantiate the cost furnishing a class of non-cash benefits. The employer is not entitled to have the non-cash cost computed in wages when the payment of these non-cash benefits is primarily furnished for the benefit of the employer.

An employer must pay its employees at least one and one-half times their regular rate for overtime work. An

employee's regular rate is the basis for calculating any overtime pay due the employee.   The regular rate for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate, then, is one and one-half times that rate.

## Instruction No. 18

## <u>EXECUTIVES LONG TEST – EXEMPTION FROM FLSA</u>

Defendants are required to follow the requirements of the Fair Labor Standards Act unless one of the exemptions expressly stated in that law applies. The exemption from the requirements of the Fair Labor Standards Act claimed by Defendants is the *bona fide* executive exemption. To receive the benefit of this exemption, Defendants must prove by a preponderance of the evidence all of the following elements:

1. the employee's primary duty consists of the management of the business in which he or she was employed or of a customarily recognized department or subdivision of the business;

2. the employee customarily and regularly directs the work of two or more employees;

3. the employee has the authority to hire or fire other employees or make suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees;

4. the employee customarily and regularly exercises discretionary powers;

5. the employee does not devote more than 20% or in the case of an employee of a retail or service establishment 40% of his or her hours of work in the work week to activities which are not directly and closely related to the performance of the work described in (1) through (4) above; and

6. the employee is paid a salary at the rate of not less than $455.00 per week.

If you find that Defendants did not prove by a preponderance of the evidence all of the elements above, Plaintiffs cannot be considered executive employees.

## Instruction No. 19
## <u>AUTHORITY TO HIRE OR FIRE</u>

In order for an employee to be an exempt executive under the Fair Labor Standards Act, the employee must have authority to hire or fire other employees, or at least, have the authority to make suggestions and recommendations which will be given particular weight as to hiring or firing, promotion or demotion, or any other status change for employees under his or her supervision.

If you find that Defendants did not prove by a preponderance of the evidence that Plaintiffs had the authority to hire or fire, Plaintiffs cannot be considered executive employees.

## Instruction No. 20

## **<u>DISCRETIONARY POWERS</u>**

A person whose work is so completely routine that he or she has no discretion does not qualify for the executive exemption.

## Instruction No. 21

## **PRIMARY DUTY**

Primary duty means the major part, or over 50%, of the employee's time.   Time alone, however, is not the sole test, and in situations where the employee does not spend over 50% of his or her time in managerial duties, he or she might nevertheless have management as his or her primary duty if other pertinent factors are present.   These pertinent factors are the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his or her relative freedom from supervision, and the relationship between his or her salary and the wages paid other employees for the kind of non-exempt work performed by the supervisor.

## Instruction No. 22

## **SUFFERED OR PERMITTED TO WORK**

Work not requested but suffered or permitted is work time. If the employer knew or had reason to believe that the employee was continuing to work, then the time is work time and it is compensable.

## Instruction No. 23

## <u>DEFENDANT LIABILITY</u>

Plaintiffs have sued Defendants and each Plaintiff claims Defendants are liable to him or her for damages. You must consider separately the liability of Defendants to each Plaintiff under the evidence before you and the law as set forth in these instructions. The fact that one Plaintiff may have proven his or her claim against Defendants should not control your verdict with respect to any other Plaintiff unless you find, under the evidence before you and the law as set forth in these instructions, that the other Plaintiff has also proven his or her claim against Defendants. Similarly, the fact that one Plaintiff may not have proven his or her claim against either Defendant should not control your verdict with respect to any other Plaintiff unless you find, under the evidence before you and

the law as set forth in these instructions, that the other Plaintiff has also failed to prove his or her claim against either Defendant.

The same is true with respect to Plaintiffs' claims for damages. That is, if you find either Defendant liable to one or more Plaintiffs, then you must separately consider the amount of damages sustained by each Plaintiff to whom you determine either Defendant are liable.

**Instruction No. 24**

## **HOURS WORKED**

An employee must be paid for all time spent in physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer or the employer's business.

## Instruction No. 25

## <u>WORK WEEK -- DEFINED</u>

The unit of measurement for determining compliance with the minimum wage requirement is the workweek, defined as 168 hours, or seven consecutive days. Each workweek is considered separately and a workweek in which an employee receives less than the minimum wage cannot be averaged with one in which the employee receives more than the statutory minimum.

## Instruction No. 26

## **WEEKLY SALARY**

If the employee receives a weekly salary, his or her regular hourly rate of pay is calculated by dividing the salary by the number of hours that the salary was intended to compensate. He or she is then entitled to time-and-a-half for all hours worked in excess of 40 during the work week.

## Instruction No. 27

## **<u>MEAL PERIODS</u>**

Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time.   A *bona fide* meal period ordinarily lasts 30 minutes or more.   In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as *bona fide* meal periods, the employee must be relieved from duty.   An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer.   In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work

responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends his or her time and attention predominantly in pursuit of personal or private interests.

## Instruction No. 28

## <u>"SUBJECT TO CALL" TIME</u>

Time spent away from the employer's premises under conditions that are so circumscribed that they restrict the employee from effectively using the time for personal pursuits constitutes compensable hours of work.   Time spent at home "subject-to-call" may or may not be compensable, depending on whether the restriction placed on the employee thereby effectively preclude that employee from using such time for his or her personal pursuits. Where the conditions placed on the employee's activities are so restrictive that the employee cannot use the time effectively for personal pursuits, such time spent on-call is compensable.   An employer is required to pay an employee for the time the employee spends working for the employer.   Waiting time may be working time as well.   An

employee is working if he or she is spending his or her time for the employer's benefit. The test is not whether an employee's leisure is completely and totally curtailed, but rather whether it is so restricted that it cannot reasonably and effectively be utilized for the employee's benefit.

If you find from a preponderance of the evidence that Plaintiff Sarah Zeeshan has proved that any of her "subject-to-call" time was spent predominantly for the Defendant Zainab Petroleum, Inc.'s benefit, then your verdict should be for Plaintiff Sarah Zeeshan. But if, on the other hand, you find from the evidence that Plaintiff Sarah Zeeshan has not so proved, then your verdict should be for the Defendant Zainab Petroleum, Inc.

**Instruction No. 29**

## PAYMENTS OTHER THAN CASH

Where the employee received payment made in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of furnishing such facilities, must be included in the employee's regular hourly rate.

The reasonable costs cannot be more than the actual cost and must not include any profit to the employer.   The burden of proving that a deduction from wages represents a reasonable cost of the non-cash component is on the employer.   The employer must maintain records to substantiate the cost furnishing a class of non-cash benefits.   The employer is not entitled to have the non-cash cost computed in wages when the payment of these

non-cash benefits is primarily furnished for the benefit of the

employer.

## Instruction No. 30

## __RECORD KEEPING UNDER THE FLSA__

It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act.   Where the employer's records of work time are inaccurate or completely missing and the employer cannot offer convincing substitutes, the employee has carried out his or her burden if he or she proves that they have in fact performed work for which they have been improperly compensated and if they produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to

produce such evidence, the employee may then be awarded damages even though the result is only approximate.

However, if the employer produces adequate and accurate records and Plaintiffs are unable to produce evidence other than their own testimony as to the number of hours worked or challenge the accuracy of Defendants' records, then you must find for Defendants.

**Instruction No. 31**

## **WILLFULLNESS OF ACTIONS**

If Defendants knew or showed reckless disregard for that fact that their conduct was prohibited by the Fair Labor Standards Act, then their conduct was willful. If Defendants did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether their conduct was prohibited by the law, even if they acted negligently, then their conduct was not willful.

## Instruction No. 32

## <u>DAMAGES – NON-WILLFUL VIOLATION OF FLSA</u>

If you find that one or both Plaintiffs have satisfied their burden of proving the essential elements of their claims under the FLSA by a preponderance of the evidence, then you should determine what amount of money would compensate the prevailing Plaintiff. The measure of damages is the difference between what the particular Plaintiff should have been paid under the Fair Labor Standards Act and the amount that you find Defendants actually paid that Plaintiff.   You must calculate this amount for each Plaintiff beginning two years before this lawsuit was filed on December 6, 2017, through and including December 6, 2017.

## Instruction No. 33

## <u>DAMAGES – WILLFUL VIOLATION OF THE FLSA</u>

If you find that one or both Plaintiff have satisfied their burden of proving the essential elements of their claims under the FLSA by a preponderance of the evidence and that the violations of the FLSA by Defendants were willful, then you should determine what amount of money would compensate each Plaintiff.   Any acts or omissions of the Defendants were "willful" under the FLSA if they were "voluntary," "deliberate," or "intentional," and not merely negligent.   You should find as damages to be awarded in favor of the prevailing Plaintiff as the amount of money that will compensate the particular Plaintiff for the difference between what that Plaintiff has been paid by Defendants and what the Fair Labor Standards Act required Defendants to pay that Plaintiff.   You must calculate this amount for

each year beginning three years from the date this lawsuit was filed on December 6, 2017, through and including December 6, 2017.

## Instruction No. 34

## <u>EFFECT OF INSTRUCTIONS UPON THE MEASURE OF DAMAGES</u>

The fact that I have instructed you on the proper measure of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case.   Instructions as to the measure of damages are given only for your guidance in the event that you should find in favor of any Plaintiff.

## Instruction No. 35

## __INDIVIDUAL LIABILITY UNDER THE FLSA__

Plaintiffs have asserted their claims under the FLSA equally against the corporate defendants, Zainab Petroleum, Inc. and Gondal Petroleum, Inc., and also against the individual whom they allege to be the managing partner of that company, Zulfiqar Ahmad.

In order for you to find the individual defendant, Zulfiqar Ahmad, personally liable for any wages or overtime compensation that you may find is owed to one or both Plaintiffs, you must find by a preponderance of the evidence that Zulfiqar Ahmad acted as each Plaintiff's employer. To conclude that Zulfiqar Ahmad was their employer, you must find by a preponderance of the evidence that Zulfiqar Ahmad either was involved in the day-to-day business activities and had operational control of significant aspects

of Zainab Petroleum, Inc. and Gondal Petroleum, Inc., where the particular Plaintiff worked, or had some direct responsibility for the supervision or compensation of that Plaintiff as an employee.

## Instruction No. 36

## **RETALIATION CLAIM UNDER THE FLSA**

Plaintiffs allege that Defendants retaliated, that is, took revenge against them because Plaintiffs had previously taken steps seeking to enforce Plaintiffs' lawful rights under the FLSA.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws.  So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith

to be his or her lawful rights. To establish "good faith," however, it is insufficient for Plaintiffs to merely allege that his or her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, Plaintiffs must prove by a preponderance of the evidence:

First: That he and/or she engaged in statutorily protected activity, that is, that he or she in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by federal law;

Second: That an adverse employment action then occurred;

Third: That the adverse employment action was causally related to Plaintiffs' statutorily protected activities; and

Fourth: That Plaintiffs suffered damages as a proximate or legal result of such adverse employment action.

An "adverse employment action" occurs when an employer discharges or in any manner discriminates against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred.   Or, stated another way, it must be shown that the protected activity by Plaintiffs was

a substantial, motivating cause that made a difference in the Defendants' decision.

On the other hand, it is not necessary for Plaintiffs to prove that the Plaintiffs' protected activity was the sole or exclusive reason for Defendants' decision. It is sufficient if Plaintiffs prove that the protected activity was a determinative consideration that made a difference in the Defendants' decision. You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment

for that of Defendants even though you personally may not approve of the action taken and would have acted differently under the circumstances.

If you find in each of Plaintiffs' favor with respect to each of the facts that each Plaintiff must prove, you must then decide whether Defendants have shown by a preponderance of the evidence that the particular Plaintiff would have been dismissed or been subject to the civil lawsuit filed by Defendants even in the absence of the statutorily protected activity.   If you find that the particular Plaintiff would have been dismissed or been subject to the civil lawsuit filed by Defendants for reasons apart from the statutorily protected activity, then your verdict should be for Defendants on the retaliation claim.

## Instruction No. 37

## DAMAGES FOR RETALIATION UNDER THE FLSA

Should you find that Defendants retaliated against one or both Plaintiffs for exercising their rights under the FLSA, you may award damages in favor of the affected Plaintiff for wages lost and an additional amount of liquidated damages equal to the amount awarded.

**Instruction No. 38**

## **MULTIPLE CLAIMS**

In your deliberations, you are to consider three distinct claims. Although these claims have been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it related to each claim separately, as you would had each claim been tried before you separately.

## Instruction No. 39

## <u>VERDICT</u>

If you find from a preponderance of the evidence presented in this case that Defendants Zainab Petroleum, Inc., Gondal Petroleum, Inc., and/or Zulfiqar Ahmad failed to pay overtime pay to either or both Plaintiffs, you must find for the Plaintiff which was not properly paid and against the appropriate Defendant which was obligated to pay overtime pay in Part I and Part IV of the Verdict Form provided to you. If you find that Defendants paid the appropriate amount of overtime pay or was exempt from doing so, you must find for the particular Defendant or Defendants affected in Part I and Part IV of the Verdict Form provided to you.

If you find from a preponderance of the evidence presented in this case that Defendants Zainab Petroleum, Inc., Gondal Petroleum, Inc., and/or Ahmad Zulfiqar failed to

pay the required minimum wage to either or both Plaintiffs, you must find for the Plaintiff which was not properly paid and against the appropriate Defendant which was obligated to pay in Part II and Part V of the Verdict Form provided to you. If you find that Defendants paid the appropriate minimum wage or was exempt from doing so, you must find for the particular Defendant or Defendants affected in Part II and Part V of the Verdict Form provided to you.

If you find from a preponderance of the evidence presented in this case that Defendants Zainab Petroleum, Inc., Gondal Petroleum, Inc., and/or Ahmad Zulfiqar retaliated against either or both Plaintiffs for exercising their rights under the FLSA, you must find for the Plaintiff which was retaliated against and against the appropriate Defendant which engaged in the retaliation in Part III and Part VI of the Verdict Form provided to you. If you find that

Defendants did not retaliate against either Plaintiff, you must find for Defendants in Part III and Part VI of the Verdict Form provided to you.

Should you find for either or both Plaintiffs on any of the claims asserted herein, you should consider the amount of damages which should be awarded to the affected Plaintiff where indicated on the Verdict Form provided to you. You will also be asked to determine the value of any inventory Plaintiffs received, if any.

## Instruction No. 40

## <u>CLOSING</u>

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses.    In determining such weight or credibility, you may consider the interest, if any, which a witness may have in the result of the trial, the relation of the witness to the parties, the bias or prejudice, if any has been apparent, the candor, fairness, intelligence and demeanor of the witness, the ability of the witness to remember and relate past occurrences and means of observation and his opportunity of knowing the matters about which the witness has testified.   From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge which you each possess in common with other persons, you will reach your conclusions.   You should not

let sympathy, sentiment or prejudice enter into your deliberations but you should discharge your duties as jurors in an impartial, conscientious and faithful manner under your oaths and return such verdicts as the evidence warrants when measured by these instructions.   These instructions contain all the law, which may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue.   You must consider the instructions as a whole and not a part to the exclusion of the rest.   You will not use any method of chance in arriving at a verdict, but base it on the judgment of each juror concurring therein.

After you have retired to consider your verdicts, select one of your number as foreperson and enter upon your deliberations.   When you have agreed upon your verdicts, the foreperson alone will sign them, and you will as a body

return them into open court.

A Verdict Form and written instructions of the court will be furnished for your consideration and use.

The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in the verdict. In this connection, you have a duty to consult with one another and to deliberate with a view of reaching an agreement if it can be done without violence to individual judgment. You must decide the case individually, but only after an impartial consideration of the evidence with your fellow jurors. In the course of deliberations, you should not hesitate to re-examine your own views and change your opinions, if convinced they are erroneous. But you should not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of fellow jurors or for the mere purpose of returning the verdict.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson and pass the note to the bailiff who will bring it to the Court's attention. The Court will respond as promptly as possible, either in writing or by having you return to the courtroom so that you can be addressed orally. You are cautioned, however, that with regard to any message or question you might send, you should never reveal how the jury stands, numerically or otherwise, on the questions before you.

Notify the bailiff when you have reached your verdict so that you may return them in open court.

The jury is now placed in the charge of the bailiff and will be taken to the jury room.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SARAH ZEESHAN and<br>ZEESHAN CHOUDRHY,<br><br>      Plaintiffs,<br><br>v.<br><br>ZAINAB PETROLEUM, INC.,<br>GONDAL PETROLEUM, INC.,<br>and ZULFIQAR AHMAD,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. CIV-17-447-KEW |

## SUPPLEMENTAL INSTRUCTION NO. 1

In response to your question, you have received all of the law in the Instructions which you are to apply to the evidence received in this case.


_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE